IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RICHMOND COUNTY SUPERIOR COURT, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 124-218 |
| CHAALO-AZUTE' WOMBLE, SR., | ) ) ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On December 3, 2024, Defendant, currently detained at Charles B. Webster Detention Center in Augusta, GA, and proceeding *pro se*, filed the instant "Notice of Removal," in which he purports to remove two criminal charges against him pursuant to 28 U.S.C. § 1455. (Doc. no. 1.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED**, Defendant's motion to proceed *in forma pauperis* be **DENIED AS MOOT**, (doc. no. 9), and this case be **CLOSED**. Nonetheless, the Court permits Defendant to proceed *in forma pauperis* for the purpose of dismissal. Although "removal" was never accomplished in a procedurally proper manner, in an abundance of caution, the Court also **REPORTS** and **RECOMMENDS** the two criminal charges be **REMANDED** to the Superior Court of Richmond County.

The threshold issue raised by Defendant's notice as it relates to his criminal charges is whether the Court has jurisdiction. "A federal court not only has the power but also the

obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (*per curiam*) (citations omitted).  The Eleventh Circuit has described the extent of the Court's obligation to consider the limits of its jurisdiction *sua sponte*:

> A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking* . . . .  The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist . . . but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence . . . .  Thus, the party invoking the federal court's jurisdiction bears the burden of proof . . . .
>
> If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte* . . . .  Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation . . . .

Id. (citations omitted).  Defendant has not alleged any legitimate basis for the exercise of federal jurisdiction. (See doc. no. 1.)

Defendant's action is based on his criminal charges in Richmond County, which consists of two felony charges, one for aggravated battery-family violence and one for false imprisonment.  See Richmond County Clerk of Court Web Docket, available at https://www.augustaga.gov/421/Case-Management-Search, (follow "Criminal Search" hyperlink; then search for name "Womble, Chaalo," and open case #2024RCCR00329, last visited Jan. 3, 2025).[1]  However, it is long-settled federal courts have no jurisdiction over criminal matters, except for what is provided by statute.  See United States v. Hudson, 11 U.S. 32, 33-34 (1812) (noting "jurisdiction of crimes against the state is not among [the] powers" implied to federal courts).

---

[1] United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

Defendant argues 28 U.S.C. § 1455 allows for removal of this case. (Doc. no. 1, p. 1.) However, § 1455 only governs the procedure for removal of state criminal prosecutions and not the proper grounds for removal of state criminal prosecutions. Further, Defendant failed to follow the proper procedure. Defendant Womble's state criminal charges are not of the sort that can be removed to federal court. 28 U.S.C. § 1443 allows state criminal defendants to remove a criminal action from state court to federal court in certain limited circumstances. See 28 U.S.C. § 1443. § 1443(2) only applies to state or federal officers. See Taylor v. Phillips, 442 F. App'x 441, 443 (11th Cir. 2011). § 1443(1) requires satisfaction of a two-prong test wherein the Court determines (1) whether the defendant has shown the right relied upon for removal "arises under a federal law providing for specific civil rights stated in terms of racial equality"; and (2) whether the defendant has shown he was "denied and cannot enforce that right in state court." Id. at 442 (quoting Alabama v. Conley, 245 F.3d 1292, 1295-96 (11th Cir. 2001)). "This 'does not include rights of general application available to all persons or citizens.'" Id. (quoting Conley, 245 F.3d at 1295.)

Nothing in Defendant's notice of removal indicates Defendant is a state or federal officer, and therefore, removal is improper under § 1443(2). Also, removal is improper as to §1443(1) because Defendant cannot satisfy the first prong of the test. Nothing in Defendant's notice of removal shows Defendant has "relied upon a right that arose under a federal law providing for specific civil rights stated in terms of racial equality." Taylor, 442 F. App'x at 443. Instead, Defendant makes various, incomprehensible claims concerning jurisdiction and his religious and natural rights, which sound in "typical sovereign citizen nonsense." Gilbert v. City of Pine Lake, Ga., No. 1:19-CV-495-TWT, 2019 WL 11553743, at *1 (N.D. Ga. June 25, 2019), aff'd, No. 19-12585, 2022 WL 1162087 (11th Cir. Apr. 20,

3

2022). Such patently frivolous claims should be rejected. See, e.g., Jackson v. Inch, 816 F. App'x 309, 311 (11th Cir. 2020) (*per curiam*) (citing United States v. Sterling, 738 F.3d 228, 223 n.1 (11th Cir. 2013), for proposition that "courts have repeatedly and 'summarily rejected [sovereign-citizen legal theories] as frivolous'"); see also Roach v. Arrisi, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016) (recognizing "sovereign citizen theories have been found to be 'utterly frivolous' and patently ludicrous,' using 'tactics' that are a waste of their time as well as the court's time, which is being paid for by hard-earned tax dollars"). Accordingly, because no federal statute supports removal of this case, Defendant's removal is improper.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED**, Defendant's motion to proceed *in forma pauperis* be **DENIED AS MOOT**, (doc. no. 9), and this case be **CLOSED**. Although "removal" was never accomplished in a procedurally proper manner, in an abundance of caution, the Court also **REPORTS** and **RECOMMENDS** the two criminal charges be **REMANDED** to the Superior Court of Richmond County.

SO REPORTED and RECOMMENDED this 3rd day of January, 2025, at Augusta, Georgia.

                                                                                           BRIAN K. EPPS
                                                                                           UNITED STATES MAGISTRATE JUDGE
                                                                                           SOUTHERN DISTRICT OF GEORGIA